

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-73,484-02

### EX PARTE NEAL HAMPTON ROBBINS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 98-06-00750-CR(2) IN THE 410TH DISTRICT COURT
### MONTGOMERY COUNTY

**MEYERS, J., filed a dissenting opinion.**

## D I S S E N T I N G  O P I N I O N

Chapter 11 of the Texas Code of Criminal Procedure is devoted to writs of habeas corpus. The chapter is a creature of the legislature and, although they may never suspend the right, the legislature may enact "laws effecting the implementation of the right to writ of habeas corpus." TEX. CONST. art. I, § 12; *Ex parte Davis*, 947 S.W.2d 216, 219 (Tex. Crim. App. 1996). However, the way we have traditionally treated any writs under Chapter 11 is to measure the facts of the application against constitutional provisions to determine whether the facts have offended either the United States or Texas constitutions. Over the years, based upon this method, we have built a body of law that sets the standards by which we analyze each type of writ and establishes the specific criteria each

applicant must meet in order for relief to be granted. In every case we have decided, we have relied on those standards and criteria to determine whether the facts in the applicant's case have offended constitutional provisions, and thereby warrant relief.

In the present case, Applicant was convicted of capital murder based in part on the testimony of medical examiner Dr. Patricia Moore, who testified that the victim's death was a homicide caused by asphyxia due to compression of the chest and abdomen. Moore, however, due to her additional years of experience, no longer stands by her testimony and now believes that the child's cause and manner of death cannot be determined. In 2011, Applicant sought his first writ of habeas corpus under Texas Code of Criminal Procedure art. 11.07, alleging actual innocence and that his right to a fair trial was violated because he was convicted based on false testimony. *Ex parte Robbins*, 360 S.W.3d 446, 458, 459 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. art. 11.07. We ultimately denied his application because Moore's reevalution simply stated that the manner and cause of death was "undetermined," not that Applicant could not have caused the victim's death. We held that this reevaluation did not meet the requisite showing for actual innocence and did not prove Moore's trial testimony to be false. *Id*. at 458-59, 460-63.

In 2013, the Texas Legislature decided to develop a brand new avenue for habeas relief based on developing nature of science and passed article 11.073 of the Texas Code of Criminal Procedure. In propagating this provision, however, the legislature set out the criteria that make an applicant eligible for relief, but it did not set forth any standard by

which to judge an application. That is to say that there is no set constitutional provision against which we are to measure particular facts to determine whether to grant relief. Every writ this court has dealt with since Chapter 11 has been in effect has been based on analyzing whether constitutional provisions have been offended. That is the way we have always analyzed and should always analyze applications for writ of habeas corpus. Obviously my colleagues are not offended by the legislature's intrusion on our authority, but I find the passing of article 11.073 to be a clear attempt at a power grab and believe their intent was to tell us how we should rule on these types of matters. But if the legislature wants to establish non-constitutional means for relief, it needs to arrange for the appropriate agency to handle it, such as the Board of Pardons and Paroles. In our court, we judge relief dependant upon our constitutions, and article 11.073 does not provide for relief based upon any constitutional criteria. Because I do not believe our court is the appropriate avenue for relief and Applicant's present application does not allege any new facts or rulings on constitutional law, I would deny relief. Therefore, I respectfully dissent.

Meyers, J.

Filed: November 26, 2014

Publish